UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                          )
**WILLIAM F. READE, JR.,**                  )
                                                          )
      **Plaintiff,**                          )
                                                          )  **Civil Action No.**
      v.                                       )  **21-10064-FDS**
                                                          )
**FRANCIS GALVIN, Secretary of the**  )
**Commonwealth,**                             )
                                                          )
      **Defendant.**                         )
_____)

## MEMORANDUM AND ORDER

**SAYLOR, C.J.**

For the reasons set forth below, this action will be dismissed for lack of subject-matter jurisdiction.

### I.  Background

Plaintiff William F. Reade, Jr., has filed a *pro se* document that he styles as a petition pursuant to 18 U.S.C. § 4 (misprision of felony); 18 U.S.C. § 2382 (misprision of treason); and 18 U.S.C. § 3 (accessory after the fact). Petition at 1. It appears to allege that William F. Galvin, the Massachusetts Secretary of the Commonwealth, has failed to comply with Massachusetts state election law in a variety of respects, principally arising out of the claim that Senator Kamala Harris was not a "natural born" American citizen and therefore should not have been on the ballot, as she is purportedly ineligible to serve as Vice President.

Last year Reade filed with the State Ballot Law Commission a challenge to the inclusion of Senator Harris on the ballot as a Vice Presidential candidate. *See* Exhibit D, Docket No. 1-1, at 4. Reade's objection was dismissed, and he sought judicial review in the Barnstable Superior

Court pursuant to Mass. Gen. Laws ch. 30A, § 14.  That claim was also dismissed.  *See Reade v. Galvin,* No. 2072-cv-00381 (dismissed Nov. 24, 2020).

## II.     Screening

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  A party bringing suit in a federal forum bears the burden of establishing that the federal court has subject-matter jurisdiction. *See Gordo-González v. United States*, 873 F.3d 32, 35 (1st Cir. 2017).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3); *See McCulloch v. Velez,* 364 F.3d 1, 5 (1st Cir.2004);  *In re Recticel Foam Corp.,* 859 F.2d 1000, 1002 (1st Cir.1988) ("It is too elementary to warrant citation of authority that a court has an obligation to inquire *sua sponte* into its subject matter jurisdiction, and to proceed no further if such jurisdiction is wanting.").

In conducting this review, the Court must liberally construe the petition because Reade is proceeding *pro se*.  *See Haines v. Kerner,* 404 U.S. 519, 520-21 (1972).  Even granting this liberal construction, this action is subject to dismissal.

## III.    Discussion

In his petition, Reade complains that Secretary Galvin is violating state law.  However, this federal court does not have the power to direct state officials to comply with state law.  *See Quntero de Quintero v. Aponte–Roque,* 974 F.2d 226, 230 (1st Cir. 1992) (citing *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 106 (1984)).  To the extent Reade challenges the dismissal of *Reade v. Galvin,* No. 2072-cv-00381, the *Rooker-Feldman* doctrine deprives this court of subject-matter jurisdiction.  *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). "Under the *Rooker-Feldman* doctrine, 'lower

federal courts are precluded from exercising appellate jurisdiction over final state-court judgments.'" *Tyler v. Supreme Judicial Court of Massachusetts*, 914 F.3d 47, 50 (1st Cir. 2019) (quoting *Lance v. Dennis*, 546 U.S. 459, 463 (2006)). The only federal court with authority to review the rulings of state courts is the United States Supreme Court. *Silva v. Massachusetts*, 351 Fed.Appx. 450, 454 (1st Cir. 2009) ("28 U.S.C. § 1257 vests the United States Supreme Court with exclusive 'jurisdiction over appeals from final state-court judgments.'" (quoting *Lance v. Dennis*, 546 U.S. at 463); *see also Davison v. Gov't of P.R.-P.R. Firefighters Corps.*, 471 F.3d 220, 223 (1st Cir. 2006) ("the proper forum for challenging an unlawful state court ruling is the United States Supreme Court, on appeal of the highest state court's final judgment.").

To the extent Reade's petition asserts a claim for violation of the Hatch Act, 5 U.S.C. § 1502, Congress vested exclusive enforcement authority in the Merit Systems Protection Board. *See id.* § 1502. Moreover, the Hatch Act does not provide a private cause of action for relief. *See NaPier v. Baldacci*, 451 F. Supp. 2d 256, 261 (D. Me. 2006).

Finally, to the extent Reade alleges that Secretary Galvin violated 18 U.S.C. §§ 3, 4, 2382, those are criminal statutes that do not provide a private right of action. *See Cent. Bank of Denver v. First Interstate Bank of Denver*, 511 U.S. 164, 190 (1994) (refusing to infer a private right of action from a "bare criminal statute"). There is no private right of action under 18 U.S.C. § 2382. *See e.g. Nguyen v. Ridgewood Sav. Bank*, No. 14-cv-1058, 2015 WL 2354308, at *13 (E.D.N.Y. May 15, 2015) (dismissing claims for treason and misprision of treason under 18 U.S.C. §§ 2381 and 2382, respectively, because statutes do not provide private right of action). There is no private right of action under 18 U.S.C. § 4. *See e.g. Tucker v Bank One, N.A.*, 265 F.Supp.2d 923, 925 (N.D. Ill. 2003) (18 U.S.C. § 4 is a criminal statute that grants no private

right of action). There is no private right of action under 18 U.S.C. § 3. *See e.g. Giblin v Bloomfield*, No. C19-480-BHS-TLF, 2020 WL 4808654, at *2 (W.D. Wash. July 15, 2020) (the language of 18 U.S.C. §§ 3, 4 do "not provide an express private right of action.").

## IV. Conclusion

For the foregoing reasons, this action is DISMISSED for lack of subject-matter jurisdiction.

**So Ordered.**

                                              /s/ F. Dennis Saylor IV
                                              F. Dennis Saylor IV
                                              Chief Judge, United States District Court

Dated: February 1, 2021